IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IGOR ELMAN, M.D.  :

    Plaintiff,

v.  :  Case No. 3:18-cv-00358

WRIGHT STATE UNIVERSITY,  :  JUDGE WALTER H. RICE

    Defendant.  :

---

DECISION AND ENTRY SUSTAINING DEFENDANT WRIGHT STATE UNIVERSITY'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (DOC. #6)

---

This matter is before the Court pursuant to a Motion for Partial Judgment on the Pleadings, Doc. #6, filed by Defendant, Wright State University ("Wright State"). Plaintiff, Igor Elman, M.D. ("Elman"), has filed a response, Doc. #8. No reply was filed.

For the reasons set forth below, the motion for partial judgment on the pleadings, Doc. #6, is sustained.

I. **Background and Procedural History**

Ellman alleges that on or about April 10, 2015, he accepted a position at Wright State University as Chair of the Department of Psychiatry. Doc. #1, PAGEID#4. After accepting the position and beginning employment at Wright State, Elman claims that his employer took a number of actions that damaged his

career and his reputation as a researcher. These actions included Wright State removing him from his position as department chair Doc. #1, PAGEID##9-10. Finally, in March of 2018, "after ongoing disparate treatment," Elman claims that he "was forced out" of his employment with Wright State. *Id.* PAGEID#10.

On October 13, 2018, Elman filed his Complaint alleging six different causes of action: discrimination based on age and national origin, retaliation, breach of contract, fraudulent inducement and constructive discharge. Doc. #1. Wright State has moved for partial judgment on the pleadings arguing that this Court lacks jurisdiction on Elman's First Claim for Relief, age discrimination under the federal Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 623 ("ADEA"), as well as Elman's Fourth Claim for Relief, breach of contract, Fifth Claim for Relief, fraudulent inducement, and Sixth Claim for Relief, constructive discharge.[1]

## II. Standard of Review

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Warrior Sports, Inc. v.*

---

[1] Elman's response, Doc. #8, does not oppose Wright State's motion for partial judgment on the pleadings. "After reviewing Defendant's Motion and Plaintiff's facts in the Complaint, Plaintiff concurs with Defendant's argument that this Court lacks the jurisdiction to hear Plaintiff's First, Fourth, Fifth and Sixth claims of the Complaint. Plaintiff does not dispute that Defendant is an 'instrumentality' of the State of Ohio and these claims are subject to Defendant's sovereign immunity claims." *Id.* at PAGEID#48.

*National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record

3

of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany–Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

### III. Legal Discussion

Wright State argues that it has sovereign immunity pursuant to the Eleventh Amendment to the United States Constitution and, as a result, the Court does not have subject matter jurisdiction over Elman's claim for age discrimination under the ADEA, breach of contract, fraudulent inducement and constructive discharge. Doc. #6, PAGEID#3. As a state university and instrumentality, Wright State has the same immunity under the Eleventh Amendment as the State of Ohio. *Dvorak v. Wright State Univ.*, No. C-3-96-109, 1997 U.S. Dist. LEXIS 23804, at *1-59, *22 (S.D. Ohio 1997) (finding that Wright State University and its Board of Trustees are "arms or alter egos" of the state).

The United States Supreme Court has held that Congress's enactment of the ADEA did not "abrogate States' sovereign immunity" under the Eleventh Amendment. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000) (ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment and the purported abrogation of Florida's sovereign immunity is invalid). Additionally, the State of Ohio has maintained "that pursuant to R.C. 2743.03(A)(1), the Court of Claims has exclusive, original subject matter jurisdiction over Title VII actions seeking money damages against a state employer. "*Manning v. Ohio State*

4

*Library Bd.*, 62 Ohio St. 3d 24, 32 (Ohio 1991) (court of claims has exclusive and original jurisdiction for claims of sex discrimination and sexual harassment by employee of state library board under Title VII of the Civil Rights Act of 1964). Because the Eleventh Amendment prohibits a private party from bringing a suit against a state without the state's consent, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984), any sovereign immunity waived by the state must be "unequivocally expressed." *Id.* at 99. Accordingly, Wright State is immune from suits brought by a private party unless immunity is waived.

Because Ohio has not waived its sovereign immunity under the Eleventh Amendment and has not consented to federal courts having jurisdiction over claims against the state, Wright State is entitled to have Elman's First Claim for Relief, age discrimination, dismissed as well as the Fourth, Fifth, and Sixth Claims for Relief. *VIBO Corp. v. Conway,* 669 F.3d 675 (6th Cir. 2012) (Eleventh Amendment to the U.S. Constitution grants immunity to states from litigation on state law claims in federal court), citing *Sossamon v. Texas*, 563 U.S. 277 (2011).

### IV. Conclusion

For the reasons set forth above, Defendant Wright State's Motion for Partial Judgment on the Pleadings, Doc. #6, is SUSTAINED. Elman's claims in his First Claim for Relief, age discrimination, Fourth Claim for Relief, breach of contract, Fifth Claim for Relief, fraudulent inducement, and Sixth Claim for Relief, constructive discharge, are dismissed. Elman's Second Claim for Relief,

5

discrimination due to national origin, and Third Claim for Relief, retaliation, remain at issue.

Date: September 24, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE