IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| IGOR ELMAN, | : | |
| Plaintiff, | : | Case No. 3:18-cv-358 |
| v. | : | Judge Walter H. Rice |
| WRIGHT STATE UNIV., | : | |
| Defendant. | : | |

---

ORDER SUSTAINING PLAINTIFF IGOR ELMAN'S FEE APPLICATION (DOC. #105);
DEFENDANT WRIGHT STATE UNIVERSITY SHALL REMIT $42,876.79 TO
PLAINTIFF'S COUNSEL WITHIN THIRTY (30) DAYS OF THIS ORDER

---

Before the Court is Plaintiff Igor Elman's Fee Application (Doc. #105). On July 26, 2023, this Court, in sustaining Plaintiff's First Motion for Sanctions, ordered Defendant Wright State University "to pay the reasonable legal fees and expenses incurred by Plaintiff in the filing of his Motion for Sanctions, Doc. #52, and preparation for, attendance at[,] and participation in the evidentiary hearings of August 26, 2022, and September 15, 2022." (Decision and Entry, Doc. #97, PAGEID 2553). In that Decision, the Court ordered Plaintiff's counsel "to submit to counsel for Defendant for payment an itemized list of reasonable legal fees and expenses incurred in the filing of its Motion for Sanctions, Doc. #52, and preparation for, attendance at and participation

in the evidentiary hearings of August 26, 2022, and September 15, 2022." (*Id.*). On October 20, 2023, counsel for Defendant emailed counsel for Plaintiff because the latter had not disclosed the itemized list of fees and expenses, and asked that the list be provided within fourteen days. (Oct. 20, 2023, Email, Doc. #108-1, PAGEID 3101). Defendant's counsel stated that "[a]ssuming you're regularly billing Dr. Elman for the work on this case, you should have some contemporaneous bills related to the motion and the Court's Order. We request that you provide copies of those bills." (*Id*).

Plaintiff's did not respond prior to its filing of the instant Application on November 14, 2023, in which Plaintiff claimed $42,876.79 in fees and costs. (Doc. #105, PAGEID 2963).[1] The Application was supported by a list of time entries and receipts for expenses, along with a declaration by Plaintiff's lead attorney, Craig T. Matthews, explaining the hourly fees of his two associates working on the case and himself. (Transaction Report, Doc. #105-1; C. Matthews Decl., Doc. #105-2).

Defendant Wright State University argues that Plaintiff's counsel's failure to provide the itemized list of fees and expenses meant that it had not complied with the Court's Order, and, thus, a hearing was required to determine the reasonableness of the application. (Memo. in Opp., Doc. #108, PAGEID 3097). While the failure of Plaintiff's counsel to send an itemized list prior to filing the Application is regrettable, Plaintiff has satisfactorily explained that his counsel's failure was careless, not malicious. Importantly, Defendant does not argue that it was prejudiced by the failure. Nor could it reasonably so argue; for purposes of filing its memorandum *contra*,

---

[1] In a November 19, 2023, email, Plaintiff's counsel indicated that the October 20 email was "misplaced" and that Defendant's counsel never followed up. Plaintiff's counsel further clarified that neither he nor his secretary was in the office at the time the email was sent. (Reply, Doc. #110, PAGEID 3104 n.1; Nov. 19, 2023, Email, Doc. #110-1, PAGEID 3108).

2

Defendant received the exact same information via Plaintiff's filing that it would have received had Plaintiff's counsel timely responded to the October 20, 2023, email. Accordingly, Plaintiff's counsel's failure to comply with the portion of the Court's Order is by itself not cause to overrule Plaintiff's Application.

The remainder of Defendant's arguments are unavailing. Defendant asserts that a hearing is required because Plaintiff's counsel did not disclose "the fee arrangement that Plaintiff has with his counsel, and what Plaintiff has actually been charged and paid related to the litigation." Defendant argues that because Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, and "an award of attorneys' fees is a potential issue in this case, his fee and billing arrangements are not privileged and can be discoverable." (Doc. #108, PAGEID 3097). Defendant misapprehends the purpose of the sanction ordered by the Court, which arises solely under Federal Rule of Civil Procedure 37(e)(1) to compensate for the costs incurred by Plaintiff due to Defendant's spoliation of electronically stored information ("ESI"). Title VII's fee-shifting provision, 42 U.S.C. § 2000e-5(k), is not implicated.

Defendant also claims that the itemized cost of $18,271.33 "for briefing, legal research and costs after the second day of the hearing on September 15, 2022" (Doc. #108, PAGEID 3098), is inappropriate because "the Court's directive did not include briefing and research for after the hearing in its award of reasonable fees." (*Id.*). Yet, as Plaintiff notes, the Court ordered simultaneous briefing after the second day of the hearing, and those costs were incurred in connection with that briefing. (Doc. #110, PAGEID 3104-05, citing Minute Entry, Doc. #75). Thus, those expenses were incurred in connection with the hearings, and a review of Plaintiff's itemized report (Doc. #105-1,

3

PAGEID 2967), shows that the time spent on post-hearing briefing was reasonable. Further, Defendant does not argue that rates of $300 per hour for Mr. Matthews, who has more than 45 years of experience as an employment lawyer (Doc. #105-2, PAGEID 2975, ¶ 2), and $220 per hour for the associate attorneys working on the case, are unreasonable.[2] Thus, the $18,271.33 in post-hearing briefing, research, and costs shall be taxed against the Defendant.

Finally, Defendant objects to charges of "at least $4,750.00" for "costs and time working with an outside consultant that was not called as a witness in the hearing, and had not previously been identified in discovery[,]" (Doc. #108, PAGEID 3098), and $3,724.45 for fees and costs of depositions of Defendant's witness, Mike Natale, and Plaintiff, as those costs and fees were not within the scope of the Court's Entry. (*Id.*). Defendant does not explain where he gets the $4,750.00 figure from, but Plaintiff attached an invoice showing that he paid $2,490.00 for consulting services of helping prepare Plaintiff's counsel to depose Natale and assisting counsel in defending Defendant's deposition of Plaintiff. (Doc. #105-1, PAGEID 2973). Yet, merely because deposition costs were not expressly stated in the Court's Entry does not mean that they are not within the Entry's scope. As Plaintiff correctly notes, Natale and he "were deposed for the express purpose of preparing for the evidentiary hearings." (Doc. #110, PAGEID 3105). It was Defendant who deposed Plaintiff (I. Elman Depo. Vol. II, Doc. #86), and Plaintiff, in this instance, may certainly recover a discovery cost that was both germane to the hearings and imposed by Defendant upon Plaintiff. Further, Natale, as

---

[2] As there is no dispute over the reasonableness of the hourly rate, and the Court concludes both that the hours expended were reasonable and the hourly rate was, if anything, below-market given lead counsel's experience and expertise, the Court need not make an independent lodestar calculation.

Defendant's Chief Information Officer and Chief Information Security Officer (*see, e.g.*, Decision and Entry, Doc. #111, PAGEID 3111), was the key witness at the evidentiary hearings with respect to Defendant's ESI spoliation. It is axiomatic that the deposition of a witness who will be the chief adverse witness at a hearing is a cost "incurred by Plaintiff in . . . preparation for . . . the evidentiary hearings of August 26, 2022, and September 15, 2022." (Doc. #97, PAGEID 2553). Given that the topic of ESI spoliation is relatively new and not generally within a plaintiff's employment lawyer's scope of knowledge, retention of a consultant to assist in preparation for and participation in the depositions was reasonable. Accordingly, and because Defendant did not otherwise object or argue that the fees and expenses were invalid or unreasonable, these and all other fees and expenses proffered by Plaintiff are recoverable.[3]

For the foregoing reasons, the Court SUSTAINS Plaintiff's Application. Defendant shall remit $42,876.79 to Plaintiff's counsel within thirty (30) days of this Entry.

IT IS SO ORDERED.

February 21, 2024

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

---

[3] As Plaintiff's application and supporting materials are sufficient to ascertain that Plaintiff's counsel did in fact incur $42,876.79 in fees and expenses, no evidentiary hearing is necessary. *See, e.g., Trustees for Michigan Laborers Health Care Fund v. Eastern Concrete Paving Co.*, No. 90-2320, 948 F.2d 1290 (Table), 1991 WL 22476, *2 (6th Cir. Oct. 31, 1991) (*per curiam*) ("Evidentiary hearings are not required in attorney's fees determinations. An evidentiary hearing is only one of several possible methods of determining a reasonable fee[.]").