IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

IGOR ELMAN, :

    Plaintiff,                                Case No. 3:18-cv-358

v.                                        :         Judge Walter H. Rice

WRIGHT STATE UNIV.,             Mag. Judge Peter B. Silvain, Jr.

    Defendant.                        :

---

ORDER SUSTAINING PLAINTIFF IGOR ELMAN'S MOTION FOR LEAVE TO EXTEND DISCOVERY DEADLINE (DOC. #140) AND OVERRULING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT HIS MOTION TO EXPAND THE SANCTIONS IN SECOND DECISION AND ENTRY (DOC. #141); PLAINTIFF MAY FILE THE SANCTIONS MOTION AS AN INDEPENDENT MOTION FOR SANCTIONS WITHIN FOURTEEN (14) DAYS OF ENTRY; SCHEDULING ORDER TO ISSUE

---

Before the Court are Plaintiff Igor Elman's Motion for Leave to Extend Discovery Deadline ("Discovery Motion," Doc. #140) and Motion for Leave to Supplement Plaintiff's Motion to Expand Sanctions. ("Sanctions Motion," Doc. #141). Plaintiff argues that he needs an additional sixty (60) days to ascertain the whereabouts of fact witnesses who are either no longer employed by Defendant Wright State University or were not made available for deposition by Defendant, and to compel their attendance at a deposition. (Doc. #140, PAGEID 3849).

Finding good cause shown[1], the Court SUSTAINS the Discovery Motion. The discovery cut-off is extended up to and including Friday, November 29, 2024. A new scheduling order shall issue as to other pretrial deadlines.

Plaintiff's Sanctions Motion seeks to supplement his Motion to Expand the Sanctions in Second Decision and Entry. (Doc. #141, PAGEID 3851, citing Expanded Second Motion, Doc. #128). While Plaintiff argues that "recent communications from Defendant have revealed facts which Plaintiff submits are pertinent to the Prior Motion[,]" (*id.*), the impetus for the Sanctions Motion is correspondence between the parties after briefing was completed with respect to the Expanded Second Motion. Moreover, the subject matter of the Sanctions Motion is the availability of fact witnesses for deposition, not the allegedly spoliated native formats and metadata that were the gravamen of the Expanded Second Motion. As the new alleged bases for sanctions are not relevant to the Expanded Second Motion, the Court sees no reason to revisit its Decision and Entry overruling that motion. (Doc. #142). Thus, to as a motion to supplement that Expanded Second Motion, the Sanctions Motion must be overruled.

However, the Court does not opine on whether the Sanctions Motion is meritorious, or whether the communications described serve as an independent basis for sanctions. Accordingly, the Sanctions Motion is overruled without

---

[1] While not fatal to the Discovery Motion, the Court reminds the parties that it is a "motion to which other parties might reasonably be expected to give their consent[,]" and thus, they are expected to ask the opposing party for consent before filing such a motion in the future. S.D. OHIO CIV. R. 7.3(b).

prejudice to refiling as an independent motion for sanctions within fourteen (14) days of entry.

IT IS SO ORDERED.

September 30, 2024

*(signature)*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT