IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| IGOR ELMAN, | : | |
| Plaintiff, | | Case No. 3:18-cv-358 |
| v. | : | Judge Walter H. Rice |
| WRIGHT STATE UNIV., | | Mag. Judge Peter B. Silvain, Jr. |
| Defendant. | : | |

ORDER OVERRULING DEFENDANT WRIGHT STATE UNIVERSITY'S MOTION FOR TELEPHONE CONFERENCE AND FOR NEW SCHEDULING ORDER (DOC. #152) WITHOUT PREJUDICE TO RENEWAL AS JOINT MOTION WITH PLAINTIFF IGOR ELMAN, INCLUDING THEREIN A REQUEST FOR REFERRAL TO MEDIATION

Before the Court is Defendant Wright State University's Motion for Telephone Conference and for New Scheduling Order (Doc. #152), wherein Defendant states that its counsel is unable to complete the depositions of Plaintiff Igor Elman and Plaintiff's economic expert prior to the discovery cutoff of December 6, 2024, due to lack of agreement with Plaintiff's counsel on the dates and times of those depositions. (*Id.* at PAGEID 3931, citing Further Am. Prelim. Pretrial Order, Doc. #144). Defendant "requests a telephone conference with the Court to discuss the completion of depositions at agreed[-]upon times and amend the case schedule in a manner that allows for the completion of discovery without significant delay to moving the case forward." (*Id.*).

Defendant's Motion suffers from two flaws. *First*, despite the parties being warned last month about needing to comply with Local Rule 7.3 (Order, Doc #143, PAGEID 3877 n.1), Defendant failed to demonstrate that it attempted to seek Plaintiff's consent on the Motion, as this is a "motion to which other parties might reasonably be expected to give their consent." S.D. OHIO CIV.R. 7.3(b). *Second*, during a telephonic status conference prior to issuing the most recent scheduling order, the undersigned indicated his strong preference not to adjust the trial date after issuing the scheduling order, given the age of the case. (Oct. 2, 2024, Minute Entry). The Court must be assured that any further delay of the trial date is in furtherance of timely and final resolution of this matter, be it by trial or settlement, and Defendant's Motion provides no such assurances.

In light of the above, Defendant's Motion is OVERRULED WITHOUT PREJUDICE to renewal as a Joint Motion for Status Conference and New Scheduling Order. Any such Joint Motion must contain a request that the undersigned refer the matter to a Magistrate Judge for mediation.

IT IS SO ORDERED.

November 21, 2024

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

2