IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

IGOR ELMAN,

    Plaintiff,

v.

WRIGHT STATE UNIV.,

    Defendant.

Case No. 3:18-cv-358

Judge Walter H. Rice

---

ORDER OVERRULING WITHOUT PREJUDICE PLAINTIFF IGOR ELMAN'S MOTION TO PROHIBIT DEFENDANT WRIGHT STATE UNIVERSITY FROM OFFERING EXPERT TESTIMONY REGARDING DAMAGES (DOC. #146); EXPERT DISCOVERY SHALL PROCEED PURSUANT TO THE SCHEDULE SET FORTH HEREIN

---

Before the Court is Plaintiff Igor Elman's Motion to Prohibit Defendant Wright State University ("WSU") From Offering Expert Testimony Regarding Damages. (Doc. #146). For the reasons set forth below, the Motion is OVERRULED WITHOUT PREJUDICE.

I. **Factual Background and Procedural History**

On June 4, 2024, this Court issued the Amended Preliminary Pretrial Conference Order, requiring the parties to disclose expert reports on June 30, 2024, with rebuttal reports due on July 31, 2024. (Doc. #125, PAGEID 3397). On July 10, 2024, Plaintiff represented to the Court that he had disclosed his

damages expert and his expert report to Defendant on July 1, 2024.[1] (Notice, Doc. #131, PAGEID 3748). While, also on July 10, 2024, Defendant disclosed its lay witnesses (Notice, Doc. #129), it did not disclose any experts. Plaintiff asserts that on August 12, 2024, Defendant disclosed its rebuttal damages expert, Alex L. Constable, to Plaintiff, but did not provide Constable's report by the July 31, 2024, deadline, and as of the October 16, 2024, filing date, has not disclosed the report. (Doc. #146, PAGEID 3904). In his brief Motion, Plaintiff prays that the Court issue an "order prohibiting Defendant from offering expert testimony regarding damages[.]" (*Id.* at PAGEID 3903).

In its memorandum *contra*, Defendant argues that Plaintiff's Motion is premature because discovery is ongoing and Plaintiff failed to meet-and-confer with Defendant prior to filing. (Memo. in Opp., Doc. #153, PAGEID 3933, citing S.D. OHIO CIV.R. 37.1). Defendant also claims that the Motion is inappropriate, as it disclosed to Plaintiff the identity and background of its expert, who has been unable to produce a rebuttal report because *Plaintiff's expert* has not provided all materials referenced in his report, despite being required under the Federal Rules to do so. (*Id.* at PAGEID 3933-34, citing FED.R.CIV.P. 26(a)). Defendant further notes the four factors used by the Sixth Circuit in evaluating a Rule 37 Motion:

> (1) Whether the party's failure to participate in discovery is due to bad faith, willingness[,] or fault;

---

[1] Because June 30, 2024, was a Sunday, the parties' deadline for disclosure was extended to Monday, July 1, 2024. FED.R.CIV.P. 6(a)(1)(C). Thus, Plaintiff's disclosure was timely.

    (2) Whether the opposing party was prejudiced by the party's failure to cooperate in discovery;

    (3) Whether the party was warned that failure to cooperate could lead to the sanction; and

    (4) Whether less drastic sanctions were considered.

(*Id.* at PageID 3934, citing *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *Design Basics LLC v. Petros Homes, Inc.*, No. 1:14-cv-1966, 2017 U.S. Dist. LEXIS 32064, *3-5 (N.D. Ohio Mar. 7, 2017)). Defendant uses the four factors to argue that the severe sanction of barring its expert is not warranted. Defendant asserts that: its counsel was in communication with Plaintiff's counsel, its failure to produce a rebuttal report was not due to bad faith, but failures by Plaintiff to provide all required materials, and, again, Plaintiff is not prejudiced because discovery is ongoing. (*Id.* at PAGEID 3934-35).

In his Reply, Plaintiff argues that the Motion arises not from a discovery dispute at all, but from Defendant's failure to comply with this Court's previous Order "mandat[ing] Defendant to provide [its] rebuttal expert report on or before August 12, 2014. More than three months later, Defendant still has not provided the report." (Doc. #155, PAGEID 3939). Plaintiff also claims that the *Freeland* factors support barring Defendant's expert, noting that his counsel attempted to resolve the dispute informally, and that Defendant's counsel had never stated that he was missing materials from Plaintiff's expert. (*Id.* at PAGEID 3939-40). He argues that he did not attempt to notify the Court of the dispute during the October 2, 2024, scheduling conference because "at that time Plaintiff was relying

3

up[on] Defendant's promise to provide a report." (*Id*. at PAGEID 3940). Finally, Plaintiff asserts that "a delay of more than three months in supplying an expert report prejudices the Plaintiff's ability to understand Defendant's position on damages, effectively strategize, and prepare for trial." (*Id*.).

The matter is now ripe for decision.

## II.  Applicable Law

Rule 26 requires parties to disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED.R.CIV.P. 26(a)(2)(A). Unless otherwise agreed to by the parties, the relying party must disclose to the opposing party a copy of the expert's report, which must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED.R.CIV.P. 26(a)(2)(B).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to

4

supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED.R.CIV.P. 37(c)(1). While the Court has broad discretion in determining which sanction to impose, "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts ex rel. Johnson v. Galen of Virginia, Inc.,* 325 F.3d 776, 782 (6th Cir.2003) (internal quotation marks and citation omitted).

## III.  Analysis

From the materials submitted in the Reply (Emails, Doc. #155-1, PAGEID 3945-48), the Court is satisfied that Plaintiff attempted on multiple occasions over the last three months to resolve or narrow the issues surrounding Defendant's expert. Thus, Plaintiff fulfilled his meet-and-confer obligations under both Federal Rule 37 and Local Rule 37.1 Plaintiff is also correct that whether discovery is ongoing is immaterial; on June 4, 2024, Defendant was ordered by this Court to provide its expert report to Plaintiff no later than August 12, 2024. (Doc. #125, PAGEID 3397). The Court's Further Amended Order of October 8, 2024 (Doc. #144) did not alter that deadline. Yet, it took more than three months after the deadline passed, upon Defendant filing its memorandum *contra*, for the Court to become aware that the rebuttal report had not been submitted, much less the purported reason why—Plaintiff's expert failing to submit all materials to Defendant. The time and inaction weigh heavily in favor of a finding of willfulness

5

and fault by Defendant, although not necessarily bad faith. *Freeland*, 103 F.3d at 1277. Moreover, the prejudice suffered by Plaintiff is apparent: in a case where the damages determination will in large part be a "battle of experts," not having Defendant's expert report means that Plaintiff is unable to prosecute his case. Thus, the first two *Freeland* factors weigh in favor of the sanction.

However, Plaintiff does not dispute Defendant's assertion that he failed provide to Defendant all of the materials upon which Plaintiff's expert relied, as he was required to do under Rule 26(a). (Doc. #153, PAGEID 3933; *see also* Doc. #155-1, PAGEID 3948 (Email from Defendant's counsel noting that over 100 pages of documents sent by Plaintiff's counsel could not be accessed); FED.R.CIV.P. 26(a)(2)(B) ("The [expert] report must contain . . . (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them[.]")). Moreover, it is axiomatic that an expert cannot draft a rebuttal report until that expert knows what he or she is rebutting. Absent evidence that all materials were, in fact, disclosed to Defendant's expert, the Motion is premature, and thus is overruled without prejudice, subject to renewal if the conditions below are not met.

The Court expects the parties to resolve this matter quickly. During the October 2, 2024, conference, the Court indicated its strong desire for there to be no more delays. Thus, any failure to comply with the following deadlines will subject the parties to sanction, including but not limited to being barred from using expert reports or testimony in dispositive motions or at trial:

6

(1) Within seven (7) days of entry, Plaintiff shall tender all materials relied upon by his expert to Defendant's counsel, and shall file notice of compliance with the Court;

(2) Within twenty-one (21) days of receiving the materials, Defendant shall tender its expert report to Plaintiff; and

(3) Within twenty-eight (28) days of Defendant's expert tendering the report, the parties must complete expert depositions; and

(4) Within twenty-eight (28) days of completing the expert depositions, the parties shall file any motions for summary judgment. To accommodate the delay in filing dispositive motions and to keep the May 5, 2025, trial date (Doc. #144, PAGEID 3880) intact, memoranda *contra* must be filed within fourteen (14) days after the filing of dispositive motions, with reply memoranda filed within seven (7) days thereafter.

All other deadlines from the Further Amended Order remain in effect. Specifically, all non-expert discovery must be completed by 11:59 p.m. on Friday, December 6, 2024.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion *in Limine* (Doc. #146) is OVERRULED WITHOUT PREJUDICE. The Further Amended Order (Doc. #144) is amended only to the extent set forth *infra*.

IT IS SO ORDERED.

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

December 3, 2024