IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| IGOR ELMAN, | : | |
| Plaintiff, | | Case No. 3:18-cv-358 |
| v. | : | Judge Walter H. Rice |
| WRIGHT STATE UNIV., | | |
| Defendant. | : | |

ORDER REQUIRING DEFENDANT WRIGHT STATE UNIVERSITY TO SHOW CAUSE WITHIN SEVEN (7) DAYS OF ENTRY WHY ITS FAILURE TO UPDATE ITS INITIAL DISCLOSURES AFTER JERALD KAY, M.D. LEFT DEFENDANT'S EMPLOY WAS HARMLESS OR SUBSTANTIALLY JUSTIFIED, SUCH THAT PLAINTIFF IGOR ELMAN'S FOURTH MOTION FOR SANCTIONS (DOC. #145) SHOULD NOT BE SUSTAINED

Before the Court is Plaintiff Igor Elman's Motion for Sanctions Regarding Defendant Wright State University's ("WSU") Failure to Supplement Initial Disclosures. (Fourth Motion, Doc. #145). For the reasons set forth below, the Motion is OVERRULED WITHOUT PREJUDICE.

I. **Factual Background and Procedural History**

In relevant part, on or about June 12, 2019, "Defendant disclosed as witnesses" Molly J. Hall, M.D., Professor of Psychiatry at Defendant's Boonshoft School of Medicine ("BSOM"), Jerald Kay, M.D., Professor Emeritus of Psychiatry,

and Albert F. Painter, Jr., Psy. D., Associate Dean of Faculty Affairs for BSOM, and stated that they may be contacted through counsel. (Doc. #145, PAGEID 3883; *see also* Def. Init. Disc., Doc. #145-3, PAGEID 3898-99, ¶¶ 5, 7, 11). According to Defendant, at some point after its Initial Disclosures, Drs. Hall and Kay ceased to be affiliated with BSOM and WSU. (Sept. 12, 2024, Email, Doc. #145-1, PAGEID 3893). Dr. Kay died on or about October 27, 2024. (Obituary, Doc. #156-2, PAGEID 3956).

On September 11, 2024, Plaintiff's counsel contacted Defendant's counsel regarding depositions of Drs. Hall, Kay, and Painter[1], Margaret M. Dunn, BSOM Dean, and Julie P. Gentile, M.D., BSOM Professor and Chair of the Department of Psychiatry. Defendant's counsel responded the next day that Drs. Hall and Kay are not employed by WSU, and that counsel was "not able to arrange for [his/her] appearance by agreement." However, Defendant did provide dates on which Dean Dunn and Dr. Gentile were available. (Doc. #145-1, PAGEID 3893). On September 20, 2024, Defendant's counsel provided addresses for Drs. Kay and Gentile, but could not confirm whether that was the current address for either. Counsel also stated: "My understanding is that Dr. Kay had a significant health incident this past summer, and is not able to verbally communicate." (Sept. 20,

---

[1] Initially in the Fourth Motion, Plaintiff sought sanctions with respect to Drs. Hall, Kay, and Painter. (Doc. #145, PAGEID 3890). However, in the Reply, Plaintiff notes that he has located and plans to depose Drs. Hall and Painter, and narrows his relief sought to excluding documents authored by Dr. Kay. (Doc. #156, PAGEID 3949 n.1, 3951). Moreover, as set forth in several previous entries, the undersigned's law clerk is a private patient of Dr. Hall. However, none of Dr. Hall's statements or interactions with Plaintiff influenced the Court's determination.

2

2024, Email, Doc. #145-2, PAGEID 3895).  Plaintiff argues that Defendant, by failing to correct its initial disclosures to include the updated employment status and contact information of Dr. Kay, violated its duty to supplement its Initial Disclosures.  (Doc. #145, PAGEID 3884, citing FED.R.CIV.P. 26(a, e).

## II.  Applicable Law

Rule 26 requires a party, shortly after the Rule 26(f) conference, to provide the opposing party with "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  FED.R.CIV.P. 26(a)(1)(A)(i).  The disclosing party need not provide the contact information for a "party witness" (*e.g.*, an employee of an entity that is being sued) and may instead direct the opposing party to contact those witnesses through counsel.  *See, e.g., Torres v. Wells Fargo Bank, N.A.*, No. CV 17-9305, 2019 WL 7169790, *11 (C.D. Cal. Sept. 27, 2019); *United States v. Malik*, No. 15-cv-9092, 2017 WL 264544, *7 (D. Kan. Jan. 20, 2017) (upholding statements that employees must be "contacted through counsel" as sufficient to comply with Rule 26(a)).  A party has an affirmative obligation to update its disclosures:

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

3

FED.R.CIV.P. 26(e)(1)(A).

Failure to disclose or supplement a disclosure can subject a party to sanctions: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED.R.CIV.P. 37(c)(1). "Rule . . . 37(c)(1) requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir.2003) (internal quotation marks and citation omitted).

### III.   Analysis

Dr. Kay was identified early in this case as having discoverable information, and his impressions of Plaintiff have consistently been at issue. Thus, the fact that Dr. Kay was no longer employed by Defendant, and could not be contacted through Defendant's counsel, is a "material" change that required Defendant to correct its initial disclosures. FED.R.CIV.P. 26(e)(1)(A); *see, e.g.*, *Biltrite Corp. v. World Road Markings, Inc.*, 202 F.R.D. 359, 362 (D. Mass. 2001) (emphasis added) (purpose of initial disclosures are to "give the opposing party information as to the identification and location of persons with knowledge *so that they can be contacted in connection with the litigation*."). In *Agilysys, Inc. v. Hall*, the plaintiff initially identified two fact witnesses as employees that could only be contacted

4

through counsel, but failed to disclose until the defendant sought depositions that those witnesses were no longer employees. The Court concluded that Plaintiff's failure constituted "sanctionable conduct[.]" No. 1:16-cv-3557, 2019 WL 3483173, *12-13 (N.D. Ga. May 29, 2019). In *Agilysys*, the court concluded that the "Plaintiff should have provided [to defendant] at least the last known address for its former employees by updating . . . the initial disclosures promptly upon those employees leaving Plaintiff's business[,]" and termed plaintiff's failure to update "inexcusable." *Id*. at *12.[2] The court also determined that the failure to supplement "until pressed by Defendant for deposition dates . . . prejudiced Defendant[,] who was not able to depose the witnesses before the close of the extended discovery period about the important matter of damages." *Id*. Defendant is even more prejudiced in this instance, as Dr. Kay's passing means that Defendant may not depose a key fact witness at all.

For the above reasons, Defendant is ORDERED TO SHOW CAUSE within seven (7) days of entry why its failure to supplement was substantially justified — that is, "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 587, 591 (D.N.J.

---

[2] Whether Plaintiff was diligent in seeking to depose Dr. Kay is immaterial as to the Fourth Motion; Rule 26(e) imposes an affirmative duty on Defendant to supplement in a timely manner. See *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003) ("Once such [initial] disclosure is made, it must be kept current.").

1997). Failure to do so will result in the Court imposing sanctions. *Roberts ex rel. Johnson*, 325 F.3d at 782.

IT IS SO ORDERED.

December 12, 2024

*(signature)*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT